**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DAVID S. ENGLISH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00959** |
| | ) | **Judge Aleta A. Trauger** |
| **ADVANCE AUTO PARTS STORE** | ) | |
| **#3200 et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court are plaintiff David English's Written Objections (Doc. No. 27) to the Magistrate Judge's Report and Recommendation (R&R) (Doc. No. 26), in which the Magistrate Judge recommends that the Motion to Dismiss (Doc. No. 16) filed on behalf of the individual defendants, Sarah Parker and Jon Mattson, be granted and that those defendants be terminated.

For the reasons set forth herein, the Objections will be overruled, and the R&R will be accepted in its entirety. The Motion to Dismiss the claims against Parker and Mattson will be granted, and the Clerk will be directed to terminate those defendants as parties in this action.

## I.    STANDARD OF REVIEW

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or non-dispositive matter. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). A motion to dismiss for failure to state a claim for which relief may be granted is among the dispositive motions listed in § 636(b)(1)(A).

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); *see also* 28

U.S.C. § 636(b)(1)(B) & (C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Special Learning, Inc. v. Step by Step Acad., Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018) (citations omitted). In addition, "[a]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Harris v. Ocwen Loan Servicing, LLC*, No. 17-5399, 2017 WL 8791308, at *2 (6th Cir. Nov. 22, 2017) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). "[T]he Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Bauman v. City of Cleveland*, No. 1:04-CV-1757, 2015 WL 893285, at *8 (N.D. Ohio Mar. 3, 2015) (internal quotation marks and citations omitted)).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff David English, who proceeds *pro se*, filed his Amended Complaint in this case on December 7, 2020, alleging that the defendants, identified as Advance Auto Parts Store #3200, Store Manager Sarah Parker, and Regional Director Jon Mattson (Doc. No. 6 ¶ III.B.), had discriminated against him on the basis of his race, religion, age, and disability in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (Doc. No. 6 Counts I–III.) In

accordance with this court's practice, the case was referred to the Magistrate Judge to, among other things, "dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B)." (Doc. No. 9, at 1.)

Defendants Parker and Mattson (collectively, the "Individual Defendants") filed their Motion to Dismiss and accompanying Memorandum of Law (Doc. Nos. 16, 17) arguing, under Rules 12(b)(5) and 12(b)(6), that the claims against Parker should be dismissed for insufficiency of service of process and that the claims against both Individual Defendants should be dismissed for failure to state a claim for relief against them. Specifically, the Individual Defendants argue that they cannot be held liable under Title VII, the ADA, or the ADEA, because these statutory schemes permit claims against "employers" only, and the Individual Defendants do not meet the statutory definitions of "employer."

The plaintiff filed a Response in opposition to the Motion to Dismiss (Doc. No. 23), which states, in its entirety:

> Plaintiff, David S. English, herby request that this Court deny Defendant's Motion to Dismiss Defendants Jon Mattson and Sarah Parker, on the grounds of: 1) insufficiency of service of process on Defendant Sarah Parker; and 2) Plaintiff has failed to state a claim for relief against Jon Mattson and Sarah Parker.

> In support of Plaintiff's Motion to deny Defendants a dismissal of Jon Mattson and Sarah Parker, he submits the accompanying Memorandum.

> WHEREFORE, premises considered, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss Jon Mattson and Sarah Parker with or without prejudice.

(Doc. No. 23, at 1.) Despite the reference to an "accompanying Memorandum," no such Memorandum was filed with the plaintiff's Response.

The Magistrate Judge thereafter entered the R&R, recommending dismissal of the claims against the Individual Defendants under Rule 12(b)(6) on the grounds that "Title VII, the ADEA, and the ADA are statutes that prohibit *employers* from discriminating against their employees"

and that these statutory schemes do not create a cause of action against individual "supervisors, managers, or co-workers of a plaintiff." (Doc. No. 26, at 9–10 (citations omitted).) Because Title VII, the ADA, and the ADEA do not provide a statutory basis for the imposition of liability against individual employees, regardless of their discriminatory actions, the Magistrate Judge recommends that Individual Defendants' Motion to Dismiss be granted and that the claims against them be dismissed with prejudice.

The plaintiff filed Objections, arguing generally that the Individual Defendants "took actions against [him] that forced [him] to bring this action." (Doc. No. 27, at 1.) He asserts that the Individual Defendants were supervisors authorized to hire, fire, discipline, and otherwise directly affect the wages and working conditions of their fellow employees and that, as such, they should be liable for discriminating against him. (*Id.* (citing *N.L.R.B. v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706 (2001)).) He argues that he filed a timely claim with the EEOC, that his factual allegations show that he suffered discrimination, and, therefore, that the Motion to Dismiss should be denied. He also insists that members of the management of Advance Auto Parts have a "history of discriminatory actions" and that the case of *Loretta Choate v. Advance Stores Company d/b/a Advance Auto Parts* was "dismissed because Choate failed to name Mattson as the person that discriminated against her; however that is not the case with Plaintiff. Plaintiff named Mattson and Parker within all Complaints." (Doc. No. 27, at 3 (citing *Choate v. Advance Stores Co.*, 656 F. App'x. 88 (6th Cir. 2016)).)

The defendants filed an Opposition to the plaintiff's Written Objections, generally asserting that their Motion to Dismiss should be granted for the reasons set forth in the R&R and that the plaintiff fails to cite to any authority showing that they can be liable under Title VII, the ADEA, or the ADA. (Doc. No. 28.)

## III.    DISCUSSION

The plaintiff's failure to file a meaningful response to the Motion to Dismiss arguably waived his arguments in opposition to the R&R. The court nonetheless considers the plaintiff's Objections on their merits and finds them to be without merit.

The law is clear that individual supervisors cannot be liable for employment discrimination under Title VII, the ADEA, or the ADA. *See, e.g.*, *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit . . . supervisors to be sued in their individual capacities." (citations omitted); *Liggins v. State of Ohio*, 210 F.3d 372 (Table), 2000WL 178420, at *2 (6th Cir. 2000) (affirming the dismissal of the plaintiff's ADEA claims against individual defendants, because "[t]he named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes"). Instead, the discriminatory actions of a supervisor may be attributable to the employer itself, against whom liability under the statutory schemes is expressly authorized. Accordingly, the Amended Complaint fails to state a claim for which relief may be granted against the Individual Defendants.

The plaintiff's reliance on *N.L.R.B. v. Kentucky River Community Care* is misplaced. That case involved the interpretation and application of the National Labor Relations Act, which excludes from its protection individual employees who are deemed to be supervisors. *Ky. River*, 532 U.S. at 708 (citing 29 U.S.C. § 152(11)). The case addressed the questions of which party bore the burden of proving or disproving an employee's supervisory status and how the term "independent judgment," as used in § 152(11), should be construed. *Id.* It has no relevance to the interpretation of Title VII, the ADA, or the ADEA.

Nor does *Choate*, also cited by the plaintiff, support his position. In that case, the plaintiff brought claims against Advance Auto Parts for discrimination and retaliation in violation of Title VII, the ADA, and the Tennessee Human Rights Act (whose scope is "coextensive with federal law." *Choate*, 656 F. App'x at 91 (citation omitted)). The district court granted summary judgment in favor of the employer as to all claims, and the Sixth Circuit affirmed. *Id.* In addressing the plaintiff's retaliation claim, the court noted that, to prevail, the plaintiff had to show, among other things, that she actually complained to *someone* about discrimination. *Id.* (citations omitted). The dismissal of her retaliation claim was affirmed, not because she failed to name her supervisors as defendants, but because she "never complained that Mattson or anyone else in management discriminated against her," as a result of which she could not make out a *prima facie* case of retaliation. *Id.*

The plaintiff's objections are without merit.

## IV.  CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Written Objections are **OVERRULED**, and the R&R (Doc. No. 26) is **ACCEPTED**. The Motion to Dismiss the claims against the Individual Defendants (Doc. No. 16) is **GRANTED**, and the claims against defendants Sarah Parker and Jon Mattson are **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** those defendants as parties in this action.

To be clear, the Motion to Dismiss does not seek dismissal of the claims against Advance Auto Parts, and the claims against that defendant, for now, remain pending.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge