IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID S. ENGLISH,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No. 3:20-cv-00959<br>)    Judge Trauger / Frensley |
| ADVANCE AUTO PARTS STORE<br>#3200<br>    Defendant. | )<br>)<br>) |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the court are two motions to dismiss filed by the Defendant based on the Plaintiff's failure to appear at a properly noticed deposition and failure to comply with the court's discovery order. Docket Nos. 34 and 37. The Plaintiff has filed a Response. Docket No. 42. Defendant has filed a Reply. Docket No. 43. For the reasons set forth herein, the undersigned recommends that the Defendant's motions be **DENIED**.

### II.  BACKGROUND

This is an employment discrimination complaint filed by the pro se Plaintiff against Defendant Advance Auto Parts Store #3200. Docket No. 1. Plaintiff originally sued two individual employees as well. *Id.* The court dismissed the claims against the individual Defendant. Docket No. 36.

Following the entry of a scheduling order in this matter (Docket No. 20) the parties commenced discovery. The Defendant scheduled Plaintiff's deposition for June 15, 2021 and requested that the Plaintiff advise as to any scheduling conflicts on that date. Docket No. 35-1, 35-2. Despite not communicating any conflicts with the date of the deposition Plaintiff, did not appear for the deposition. Docket No. 35, p. 2. Defendant's counsel attempted to contact Plaintiff

by telephone but was unable to reach the Plaintiff. *Id.* Following the Plaintiff's nonappearance, Defendant filed a motion to dismiss based on Plaintiff's failure to appear at the deposition. Docket No. 34.

On June 3, prior to the Plaintiff's scheduled deposition, Defendant filed a motion to compel discovery responses. Docket No. 29. The motion indicated that Defendant had served written discovery to the Plaintiff on April 19, 2021. *Id.* Pursuant to the Federal Rules of Civil Procedure, Plaintiff's deadline to respond to the discovery requests was May 19, 2021. *Id.* The motion further represented that "to date Plaintiff has failed to serve any responses to the written discovery requests whatsoever." *Id.* Based upon the representation in the motion that Plaintiff had failed to provide any response to Defendant's discovery requests, the court entered an order granting the motion to compel and ordering the Plaintiff to respond to Defendant's discovery requests on or before June 18, 2021. Docket No. 30. The court advised Plaintiff that his failure to comply could result in sanctions including up to dismissal of his action. On June 16, 2021, Plaintiff filed a motion for extension of time to respond to the written discovery requests. Docket No. 31. The court granted the motion and allowed Plaintiff one final extension to respond to the written discovery requests of July 6, 2021. Docket No. 32.

On July 29, 2021, Defendant filed a second motion to dismiss for Plaintiff's failure to comply with the order compelling discovery responses. Docket No. 37. The Defendant filed a supporting memorandum of law which indicated on July 12, 2021, Defendant received Plaintiff's responses to the written discovery requests. Docket No. 38. However, Defendant asserts that there were "numerous and substantial deficiencies with the responses – namely, that most of the responses are evasive or incomplete." *Id.* The Defendant set forth the alleged deficiencies and asserts that Plaintiff's responses "are not compliant with the court's order granting the motion to

2

Case 3:20-cv-00959   Document 48   Filed 10/15/21   Page 2 of 7 PageID #: 365

compel." *Id.* at p. 12.

On August 5, 2021, Defendant filed a motion to extend the discovery and dispositive motion deadlines in the case. Docket No. 39. The motion indicated that Plaintiff's deposition had been renoticed for August 17, 2021. *Id.* The court granted the motion and instructed the Defendant to file a supplemental pleading confirming whether Plaintiff had appeared for his deposition as noticed on August 17, 2021 and to advise the court as to whether Plaintiff had responded to the outstanding discovery requests. Docket No. 44. On September 14, 2021, Defendant filed a supplemental brief regarding the motions to dismiss for failure to appear at deposition and failure to comply with order compelling discovery responses. Docket No. 45. The Defendant confirmed that the Plaintiff appeared for his deposition on August 17, 2021, but that Plaintiff had not supplemented his written discovery responses and thus "has not addressed the deficiencies identified in Defendant's motion to dismiss, and he remains in violation of the court's order compelling responses . . . ." *Id.*

## LAW AND ANALYSIS
### A. Legal Standard

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal").

The court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party

has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the Plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action is a Plaintiff fails to prosecute or to comply with an order of the court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. C. 626, 630 (1962).

**B.     The Defendant's Motions to Dismiss**

Defendant seeks dismissal of this action as discovery sanction on two grounds. First, based


4
Case 3:20-cv-00959   Document 48   Filed 10/15/21   Page 4 of 7 PageID #: 367

on Plaintiff's failure to appear at deposition. Docket No. 34. Second, Plaintiff's failure to comply with the court's order compelling discovery responses. Docket No. 37.

### 1. Failure to Appear at Deposition

The Plaintiff included his email address on both on his original complaint and amended complaint in this matter. Docket Nos. 1 and 6. It appears that the parties had been communicating using electronic mail. For example, Defendant's filed a motion for extension of time to answer the amended complaint. Docket No. 13. Their certificate of service indicates that the pleading was sent to the Plaintiff via electronic mail. *Id.* The Plaintiff filed a response in opposition to the Defendant's motion for an extension of time. Docket No. 15. Though the Plaintiff requested that Defendant forward all communications regarding the case through the U. S. postal mail service or other mail service, their prior practice reflects that they had agreed to delivery by electronic mail as an appropriate means of service. In any event, Defendant communicated with Plaintiff regarding the scheduling of the deposition both by email and by service of a notice of deposition by regular mail. The Plaintiff indicates that he did not receive the notice of deposition until after the date the deposition was scheduled. Docket No. 42. However, he does not assert that he did not receive actual notice of the deposition date by way of the email communication. *Id.* Nonetheless, Defendant renoticed Plaintiff's deposition, he appeared, and the deposition was taken. Docket No. 45.

Because the Plaintiff was ultimately deposed in this matter and Defendant has withdrawn its request that the court dismiss the case on these grounds, the undersigned recommends that Defendant's motion to dismiss for failure to appear at deposition (Docket No. 34) be DENIED. Further, based on Plaintiff's representation that the did not receive the notice of deposition until after the originally scheduled deposition and Defendant has provided no emails confirming his

receipt of the email indicating Defendant was "planning to set" Plaintiff's deposition, the court declines to award any sanctions against Plaintiff for his failure to appear at the original deposition.

## 2. Failure to Comply with Order Compelling Discovery Responses

The Defendant's original motion to compel in this matter was based upon the Plaintiff's failure to serve any responses to the written discovery requests. Docket No. 29. The court granted the motion to compel without waiting for a response by the Plaintiff based upon the fact Plaintiff had not responded to written discovery whatsoever. Docket No. 30. After receiving an additional extension, it appears that the Plaintiff did respond to the Defendant's discovery requests. Docket No. 38, p. 2. The Defendant filed a motion to dismiss for Plaintiff's failure to comply with the order compelling discovery responses based not upon Plaintiff's failure to provide any responses but rather, based upon their assertion that the Plaintiff's responses are "evasive or incomplete." *Id.* at p. 2. In sum, the Defendant equates Plaintiff's "evasive and incomplete" response to a failure to answer or respond at all. *Id.* at p. 4. The undersigned disagrees with this characterization.

The Defendant spends the majority of its supporting memorandum of law setting forth the alleged deficiencies in Plaintiff's discovery responses. *Id.* at pp. 4-8. Defendant's unilateral determination that Plaintiff's responses are inadequate or deficient is not grounds for dismissal. Instead, it would only be grounds for a motion to compel after exhausting meet and confer efforts to resolve the discovery disputes. Further, the court's prior order provides the Defendant no quarter. The court's prior order was based on Plaintiff's failure to respond at all. The current posture of the case is that Plaintiff has responded to the discovery requests. The Defendant simply does not like the Plaintiff's responses believing them to be insufficient. This however is not grounds for dismissal.

The court has reviewed the alleged deficiencies set forth in the Defendant's memorandum

of law and expects that most, if not all, of the alleged deficiencies were addressed during the Plaintiff's deposition. If not, they certainly should have been. In the event that there remain disagreements about the sufficiency of the Plaintiff's responses to the discovery requests, a party may file a motion to compel consistent with the requirements of Local Rule 37.01. However, on the record before it, it is undisputed that Plaintiff has provided discovery responses which was what the court's prior order required and therefore not grounds to dismiss the case as a discovery sanction. For these reasons, the undersigned recommends that the Defendant's motion for dismissal for Plaintiff's failure to comply with order compelling discovery responses (Docket No. 37) be **DENIED**.

## IV. CONCLUSION

For the reasons set forth herein, the undersigned recommends that Defendant's Motion to Dismiss for Failure to Appear at Deposition (Docket No. 34) and for Failure to Comply with Order Compelling Discovery Responses (Docket No. 37) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                  **JEFFERY S. FRENSLEY**
                                                  **United States Magistrate Judge**