IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID S. ENGLISH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:20-cv-00959 |
| | ) Judge Aleta A. Trauger |
| ADVANCE AUTO PARTS STORE #3200 et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Before the court are plaintiff David English's Objections (Doc. No. 58) to the Magistrate Judge's Report and Recommendation (R&R) (Doc. No. 57), in which the Magistrate Judge recommends that the Motion for Summary Judgment (Doc. No. 50) filed by defendant Advance Auto Parts ("Advance") be granted and that this case be dismissed. For the reasons set forth herein, the Objections will be overruled, and the R&R will be accepted in its entirety. The defendant's Motion for Summary Judgment will be granted.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff David English, who proceeds *pro se*, filed his Amended Complaint in this case on December 7, 2020, alleging that the defendants, identified as Advance Auto Parts Store #3200, Store Manager Sarah Parker, and Regional Director Jon Mattson, had discriminated against him on the basis of his race, religion, age, and disability in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (Doc. No. 6 Counts I–III.) In accordance with this court's

practice, the case was referred to the Magistrate Judge to, among other things, "dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B)." (Doc. No. 9, at 1.) The court subsequently granted a Motion to Dismiss under Rule 12(b)(6) filed by defendants Parker and Mattson, on the grounds that Title VII, the ADEA, and the ADA are statutes that prohibit *employers* from discriminating against their employees but do not create a cause of action against individual supervisors, managers, or co-workers of a plaintiff.

In November 2021, Advance, as the only remaining defendant, filed its Motion for Summary Judgment, along with a supporting Memorandum of Law (Doc. No. 52), Statement of Undisputed Facts (Doc. No. 51), and various exhibits, including the Declaration of Mike Graham and excerpts from English's deposition (Doc. Nos. 51-1, 51-2). The plaintiff filed a Response to the Statement of Undisputed Facts (Doc. No. 54), but, as the Magistrate Judge noted, it was not in compliance with Rule 56(c) of the Federal Rules of Civil Procedure or with Local Rule 56.01(c) and (f), insofar as the plaintiff did not provide citations to the record to support his assertions that the facts asserted by the defendant were genuinely disputed. The defendant filed a Reply brief and a Reply to the Plaintiff's Answers to the Defendant's Statement of Undisputed Material Facts. (Doc. Nos. 55, 56.)

The Magistrate Judge issued the R&R on December 22, 2021, finding no material factual disputes and recommending that the defendant's Motion for Summary Judgment be granted. Most notably, the Magistrate Judge found that (1) the plaintiff failed to "adduce[] [any] evidence whatsoever in a form required by Fed. R. Civ. P. 56 to establish the existence of a genuine issue of material fact on any of his claims" (Doc. No. 57, at 13); (2) the plaintiff failed to show that he suffered an adverse employment action, as required to establish a *prima facie* case of discrimination under Title VII, the ADA, and the ADEA; (3) the plaintiff failed to show that the

defendant was involved in the determination of his worker's compensation claim or that the error in its initial submission was related to his having filed a complaint with human resources, for purposes of his retaliation claim, since the HR complaint was made after the initial submission of his worker's compensation claim; (4) there is no evidence that the plaintiff suffered intolerable working conditions, for purposes of his constructive discharge claim; and (5) the hostile work environment claim was not supported by any evidence of severe or pervasive harassment or any kind of harassment based on the plaintiff's belonging to a protected class. (*See generally* Doc. No. 57.) The R&R notified the parties that they had fourteen days to file written objections to the R&R. (*Id.* at 16.) It also stated that the "[f]ailure to file specific objections" to the R&R within fourteen days might constitute waiver of further appeal. (*Id.*)

The plaintiff filed timely Objections to the R&R, but he does not take issue with any specific factual finding or legal conclusion in the R&R. Instead, he protests that he is not an attorney and does not understand the applicable rules, and he asserts that he, unlike the defendant, has not "bombarded the court system with falsified documents." (Doc. No. 58, at 1.) He "stands firm on his amended claim," maintains that the "proof of discrimination" is already in the court's and the defendant's possession, and asks that he be permitted to proceed to trial as originally scheduled. (*Id.* at 2.) The defendant filed a Response to the Objections, arguing that they do not comply with Rule 72(b) of the Federal Rules of Civil Procedure and strenuously objecting to the plaintiff's unsupported claim that the defendant has "bombarded the court system with falsified documents." (Doc. No. 59, at 2, 3.)

II.     **STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de*

*novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000)))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

**III.    DISCUSSION**

In this case, the plaintiff has simply objected to the entirety of the Magistrate Judge's R&R on the basis that he is not an attorney and that the defendant has filed falsified documents. The

plaintiff's failure to make specific objections under Rule 72 amounts to a failure to object altogether.

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the arguments made in the Motion for Summary Judgment and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status or his lack of legal training.

In short, the objections in this case are not sufficiently specific to warrant *de novo* review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. The court has nonetheless reviewed the entire record *de novo*, including both parties' filings, the excerpts from the plaintiff's deposition transcript, and the declaration submitted by the defendant. Based on the totality of the evidence in the record, the court agrees with the Magistrate Judge's findings and conclusions in their entirety. Specifically, the court finds that the plaintiff has failed to meet his burden of presenting sufficient evidence to establish a *prima facie* case of employment discrimination or retaliation, constructive discharge, or hostile work environment, under any of the statutory schemes implicated by his Amended Complaint. While the plaintiff purports to dispute some of the defendant's factual statements in its Statement of Undisputed Facts, he offers no actual evidence to establish the existence of a genuine issue of fact. The court, therefore, finds no merit to the plaintiff's Objections

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff's Objections will be overruled, and the court will accept in its entirety the R&R. Defendant Advance's Motion for Summary Judgment will be granted, and this case will be dismissed.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge